**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THIERNO MAMADOU FOULA BAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-CV-01393 |
| ODDO, *et al.*, | ) | Judge Marilyn J. Horan |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER**

Presently before the Court is Petitioner Thierno Mamadou Foula Bah's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), Respondents' Response (ECF No. 6), and Petitioner's Reply in Support (ECF No. 7). The petition is now fully briefed; and thus, ripe for disposition. Upon review of the parties' arguments, the Court will **GRANT IN PART** Petitioner's Petition for Writ of Habeas Corpus.

Petitioner is a native and citizen of the Republic of Guinea who entered the United States without inspection through Arizona on or around December 19, 2023. *See* ECF 1, p. 7; ECF 6, p. 2. After an encounter with Border Patrol, Petitioner was arrested, served with a Notice to Appear, and "released into the United States on his own recognizance" on December 21, 2023. *See* ECF 1, p. 7; ECF 6, p. 2. During his period of release, Petitioner applied for asylum and moved from New York City to Pennsylvania. *See* ECF 1, p. 7.

On September 16, 2025, Petitioner was detained by immigration officials at a routine immigration appointment in Philadelphia. *See* ECF 1, p. 7–8; ECF 6, p. 2–3. Since that date, Petitioner has remained in immigration detention without a bond hearing, and at the time of filing

this petition, he was detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. *See* ECF 1, p. 8; ECF 6, p. 3; ECF 8-1, p. 1.

On November 12, 2025, an Immigration Judge denied all forms of relief and ordered Petitioner removed to the Republic of Guinea. *See* ECF 6, p. 3; ECF 8-2, p. 1–3. Petitioner subsequently appealed this decision to the Board of Immigration Appeals on December 12, 2025, and as of last update to the Court, this appeal appears to still be pending. *See* ECF 8-3, p. 1.

In his petition and subsequent reply, Petitioner asserts that his "ongoing, ten-month [now eleven-month] long detention without an opportunity to challenge the justification for his confinement violates the Immigration and Nationality Act, its implementing regulations[,] and the Fifth Amendment." *See* ECF 1, p. 9. He contends that he should be classified as a § 1226(a) detainee, rather than a § 1225(b) detainee, and is thus owed a bond hearing. *Id.* at 11. He also argues that he was unlawfully re-detained without "any individualized review or any evidence of changed circumstances[,]" that any failure to exhaust administrative remedies should be excused, and that his detention has become unconstitutionally prolonged under the Due Process Clause and *German Santos v. Warden Pike Cnty. Corr. Facility,* 965 F.3d 203 (3d Cir. 2020). *Id.* at 12.

As for relief, Petitioner asks the Court to "[i]ssue a Writ of Habeas Corpus ordering Respondent to release Petitioner from custody immediately on his own recognizance or under parole, bond, or reasonable conditions of supervision, on the ground that his continued re-detention by ICE violates his Due Process rights;" "[c]onduct an individualized bond hearing at which Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified because he poses a danger o[r] a flight risk that cannot be remedied by other conditions of release;" "[o]r, in the alternative, order an immediate and constitutionally

adequate bond hearing before an immigration judge at which DHS bears the burden to demonstrate that Petitioner's continued detention is necessary, consistent with the Third Circuit's decision in *German Santos*, and that the Immigration Judge consider Petitioner's ability to pay a bond[;]" and "[g]rant any further relief that this Court deems just and proper." *Id.* at 28.

In response, Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), that he has not exhausted his administrative remedies,[1] and that his various due process claims are meritless because he has not shown that "his detention violates due process under the *German Santos* framework." *See* ECF 6, p. 4–14, 18–19. They also submit that if the Court finds that Petitioner's detention is unreasonable, it should order that Petitioner receive "a bond hearing at which Petitioner bears the burden," rather than immediate release. *Id.* at 16–20.

First, for the reasons stated in the Court's prior decision *Deh v. Warden Moshannon Valley Processing Center, et al*., No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and recently by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026*)*, the Court finds that Petitioner is properly detained under § 1226(a), rather than § 1225(b), and is thus owed a bond hearing.[2] *See Buele Morocho*,

---

[1] The prudential exhaustion requirement that Respondents claim applies is excused here. "[E]ven when courts might otherwise require exhaustion, they may excuse it when, for instance, waiver, estoppel, tolling or futility applies. We also excuse prudential exhaustion when the challenged agency action presents a clear and unambiguous violation of statutory or constitutional rights." *United States v. Dohou*, 948 F.3d 621, 628 (3d Cir. 2020) (internal punctuation and citation omitted). Here, Petitioner claims that his eleven-month detention is a clear violation of his constitutional rights under the Due Process Clause. *See* ECF 1, p. 9. Exhaustion is also likely futile, as Respondents continue to deny ordinary custody review by following *Matter of Q. Li*, despite this District's rejection of such argument in numerous prior decisions. *See* ECF 6, p. 2. Therefore, the Court declines to require administrative exhaustion. *See, e.g., Kargapolov v. Oddo*, No. 3:26-CV-00755, 2026 WL 1413057, at *2 (W.D. Pa. May 20, 2026) (finding that the prudential exhaustion requirement is excused in a similar matter).

[2] The Court notes that, even if § 1225(b) applied to Petitioner, application of the *German Santos* factors would remain proper because courts in this Circuit have "held 'that an arriving alien such as Petitioner has a constitutional due process right to a bond hearing once his detention becomes unreasonable to the same extent as an alien who is subject

2026 WL 2546223, at *5 ("The INA's broader statutory scheme also supports the conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders."). Yet the Court's analysis will not stop there.

Utilizing the *German Santos* framework, courts in this District have previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See Fadel v. Warden of Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-00625, 2026 WL 1649901, at *2–3 (W.D. Pa. June 8, 2026); *see also Niangane v. Mullin*, No. 3:26-CV-00815, 2026 WL 2280905, at *2 (W.D. Pa. Aug. 7, 2026); *A.P.C. v. Oddo*, No. 3:26-CV-00131, 2026 WL 1998487, at *3 (W.D. Pa. July 10, 2026); *Machado-Alvarado v. Oddo*, No. 3:26-cv-655, 2026 WL 2410139 , at *2 (W.D. Pa. Aug. 18, 2026).[3] As such, the Court will evaluate the following four *German Santos* factors to determine which party bears the burden of proof in this initial bond hearing: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210–11.

First, when considering whether detention has become unreasonable, "[t]he most important factor is the duration of detention." *See id.* at 211. While there is no bright-line threshold of time

---

to removal under § 1226(c).'" *See Akhmadjanov v. Oddo,* No. 3:25-CV-35, 2025 WL 660663, at *2–4 (W.D. Pa. Feb. 28, 2025) (quoting *A.L. v. Oddo*, 761 F. Supp. 3d 822, 825-26 (W.D. Pa. 2025)); *see also Pierre v. Doll*, 350 F. Supp. 3d 327, 332 (M.D. Pa. 2018) (collecting cases which determined "arriving aliens detained under § 1225(b) have a due process right to avoid unreasonably prolonged detention"). Namely, the *A.L.* court determined that, "[i]n assessing whether [§ 1225(b)] detention has become unreasonable[,]" a district court should apply "the same factors laid out in *German Santos*." *A.L.*, 761 F. Supp. 3d at 826.

[3] As both parties briefed the *German Santos* factors in their filings, neither party is prejudiced by the Court moving directly to the *German Santos* burden-shifting analysis. *See generally* ECF 1; ECF 6.

that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id*. (quoting *Diop v. ICE/Homeland Sec*., 656 F.3d 221, 234 (3d Cir. 2011)).

Here, Petitioner has been detained for over eleven months. *See* ECF 7, p. 3. This duration is within the "six-month-to-one-year period that triggered a bond hearing in *Chavez-Alvarez* [*v. Warden York County Prison*, 783 F.3d 469, 477 (3d Cir. 2015)]" (*see German Santos*, 965 F.3d at 212) and is akin to the detention periods that triggered bond hearings for other § 1226(a) petitioners within this District. *See, e.g., Niangane*, 2026 WL 2280905, at *3 (nine months); *A.P.C.*, 2026 WL 1998487, at *4 (eleven months). Thus, this first factor weighs in favor of Petitioner.

Next, when evaluating the second factor, a habeas court must consider "whether the detention is likely to continue." *German Santos,* 965 F.3d at 211. Here, Petitioner asserts that his "detention is likely to continue throughout his appeal." *See* ECF 1, p. 25. Although the parties have already finished briefing before the BIA (*see* ECF 8-4, p. 1), the BIA has not yet issued a decision, and upon receiving a decision, there is a possibility of further appeal to the Third Circuit. As such, this factor weighs in Petitioner's favor. *See German Santos*, 965 F.3d at 212 (concluding that this factor weighed in the petitioner's favor where the petitioner was awaiting BIA decision and potential Third Circuit review).

Third, in assessing the impact of the reasons for delay upon the reasonableness of detention, a petitioner's "appeals and applications for discretionary relief [are not held] against him[.]" *Id.* However, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix." *Id.* (citing *Diop*, 656 F.3d at 234). Here, neither party alleges that Respondents have improperly

delayed the proceedings (*see* ECF 1, p. 25; ECF 6, p. 12), but Respondents allege that Petitioner's request for a one-month continuance before the BIA should be held against him. *See* ECF 6, p. 12 (citing *German Santos*, 965 F.3d at 211). Petitioner's one minor continuance, however, cannot "credibly be considered as a factor in the length of his detention" because the Court would find his detention unreasonable even at ten months (his current detention length minus the length of the continuance). *See Leslie v. AG of the United States*, 678 F.3d 265, 270–271 (discounting a month-long continuance relative to a longer detention). As such, this factor is neutral as to both parties.

Finally, when assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212–13 (citing *Chavez-Alvarez*, 783 F.3d at 478). In particular, a district court must examine the factual circumstances particular to the petitioner in order to assess whether "his detention is indistinguishable from criminal punishment[,]" "[d]espite its civil label[.]" *See id.* at 210.[4]

Here, Petitioner contends that his conditions of confinement at Moshannon "have not been meaningfully different from criminal punishment." *See* ECF 1, p. 16. In particular, he alleges that he "has been denied medical treatment, has only been permitted to go in the yard, akin to a prisoner, once or twice a day, and has very sporadic contact with his family in Guinea." *Id.* In turn, Respondents argue that these allegations are unsupported by any evidence and are thus "insufficient for this factor to weigh in his favor[,]" but do not provide any specific evidence of their own for the Court to consider. *See* ECF 6, p. 13; *c.f. Nunez v. Oddo,* 2025 WL 2443437 (W.D. Pa. Aug. 25, 2025) (referencing Respondents' ability to provide affidavits, declarations, or other

[4] A court in this District previously recognized that conditions at Moshannon Valley Processing Center may resemble prison-like confinement. *See, e.g., C.B. v. Oddo*, 2025 WL 2977870, at *7 (W.D. Pa. Oct. 22, 2025).

evidence regarding conditions of confinement). As such, in the absence of a more developed record, this factor weighs in favor of neither party.

In conclusion, because two factors weigh in Petitioner's favor, while two remain neutral, the Court finds, based upon the specific facts of the detention before it and underneath the standard set within *German Santos*, that Petitioner's detention under § 1226(a) has become unreasonable.[5] Thus, the burden of proof at the initial bond hearing will be placed upon the Government. "To justify [Petitioner's] continued detention," "the Government must put forth clear and convincing evidence" to "support a finding that continued detention is needed to prevent him from fleeing or harming the community[;]" "[i]f it cannot, it must release him." *German Santos*, 965 F.3d at 213-14 (citing *Chavez-Alvarez*, 783 F.3d at 477-78).

Therefore, for the reasons set forth herein, the Court will **GRANT** Petitioner's Habeas Petition (ECF No. 1), in so much as it requests that this Court direct that he be afforded a constitutionally adequate bond hearing before an Immigration Judge with the Government bearing the burden of proof and will **DENY** the Petition in all other respects.

Accordingly, this 31st day of August 2026, it is hereby **ORDERED** as follows:

1. Petitioner's Habeas Petition is **GRANTED IN PART** in so much as it requests that this Court order that he be afforded a constitutionally adequate bond hearing before an Immigration Judge.

---

[5] Like other District courts in this Circuit, the Court finds that Petitioner may only appropriately be afforded a constitutionally adequate bond hearing before an Immigration Judge, rather than being granted immediate release. *See, e.g., Davis v. Warden Pike Cty. Corr. Facility*, No. 4:22-cv-20, 2022 WL 4391686, at * 4 (M.D. Pa. Aug. 18, 2022) ("The only remedy for an alien challenging [his] mandatory detention is a bond hearing."); *German Santos*, 965 F.3d at 210, 214 ("[W]hen detention becomes unreasonable, the Due Process Clause demands *a bond hearing*.") (quoting *Diop*, 656 F.3d at 233); *A.L.*, 761 F. Supp. 3d at 826–27.

2. Respondents shall provide Petitioner a constitutionally adequate bond hearing before a neutral Immigration Judge within thirty (30) days of the entry of this Order. This timeline may be extended by Petitioner upon a motion to the Immigration Judge.
3. At this bond hearing, the Government must put forth clear and convincing evidence to support a finding that continued detention is needed to prevent Petitioner from fleeing or harming the community.
4. Petitioner's Habeas Petition (ECF No. 1) is **DENIED** in all other respects.
5. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: August 31, 2026

Marilyn J. Horan
United States District Court Judge