**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THIERNO MAMADOU FOULA BAH,

Petitioner,

vs.

LEONARD ODDO, et al.,

Respondents,

3:26-CV-01393-MJH

**ORDER**

Presently before the Court is Petitioner Thierno Mamdou Foula Bah's ("Petitioner") Motion to Enforce and accompanying brief, (ECF No. 10-11), Respondent's Response (ECF No. 13), and Petitioner's Amended Reply (ECF No. 15). Upon review of the parties' arguments, the Court will **DENY** Petitioner's Motion to Enforce.

After reviewing the transcript from Petitioner's bond hearing held on September 25, 2026, the Court finds that the hearing was fundamentally fair. The requirements of a fundamentally fair hearing are that Petitioner: "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)). The Court finds that the Petitioner had a full opportunity to present his case and submit exhibits. (ECF No. 11-2 at 5-7). Additionally, the Court finds that the Immigration Judge correctly required the government to establish, by clear and convincing evidence, why Petitioner's continued detention is "needed to prevent [them] from fleeing" or "needed to prevent Petitioner from harming the

community." (ECF No. 11-1 at 5). The Immigration Judge also considered Petitioner's individualized circumstances, noting that "none of [Petitioner's] immediate family is here," that "[Petitioner] had only been in the United States for less than two years," and that Petitioner's limited employment history did not support a finding of meaningful employment. (*Id.* at 7). Upon review, the Court finds that the Immigration Judge considered the entire record and provided an individualized assessment of Petitioner's circumstances in reaching her decision. (*Id.* at 7-8). Any further challenge to the Immigration Judge's decision goes to the discretionary issues, which is a matter for decision by the Board of Immigration Appeals. *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F.App'x 75, 76 (3d Cir. 2019); *see also Hugo A. A. Q. v. Green*, No. 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("(t)o the extent Petitioner is dissatisfied with the IJ's decision at his ... bond hearing, his remedy is to appeal that decision to the BIA ...."). And, the Immigration Judge also notified that the Petitioner could appeal the decision to the Board of Immigration Appeals. (ECF No. 11-1 at 8). The Court finds that the requirements of a fundamentally fair hearing were met, and can otherwise discern no other flaws in the fairness of the hearing that rise to the level of a constitutional violation.

BY THE COURT:

DATED: November 17, 2026

Marilyn J. Horan
United States District Judge